UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

KRISTY D. GROVER                                                                                    PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:23-cv-576-DPJ-FKB

SECRETARY CHRISTINE E.
WORMUTH                                                                                          DEFENDANT

## REPORT AND RECOMMENDATION

On September 6, 2023, Plaintiff Kristy D. Grover filed a complaint in this Court pursuant to Title VI of the Civil Rights Act of 1964. On the same date, Plaintiff filed a motion [2] for authority to proceed *in forma pauperis*, or without prepaying fees or costs.

After a review of the sworn financial affidavit filed by Plaintiff with the Court, it is the opinion of the undersigned that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Although Plaintiff has temporary funeral expenses for the recent death of her father, she is fully employed and receiving $4,000 in monthly income. Further, she is willing to spend or has spent $3,000 on attorney's fees in connection with this lawsuit.

Section 28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir.1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to

prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, the undersigned finds that she could pay the filing costs without undue financial hardship if given ninety (90) days to pay. Plaintiff will not be rendered destitute by paying the filing fee in ninety (90) days, as she does have a place to reside, a vehicle, and monthly income. Because she will not be barred from the federal courts due to her lack of financial resources, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied. Plaintiff shall be given ninety (90) days to pay the filing fee in this cause; all of the costs associated with the filing of this lawsuit should be paid on or before December 19, 2023. If Plaintiff does not object to this recommendation, and further does not pay the filing fee by December 19, 2023, the undersigned recommends that this case be dismissed without prejudice with no further notice to Plaintiff.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations. Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 20th day of September, 2023.

    /s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE